IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WILBURN F. DELANCEY AND                                    PLAINTIFFS
THE ESTATE OF VELM B. DELANCEY

V.                                              CAUSE NO. 3:16-CV-00231-CWR-FKB

MEDAMERICA INSURANCE CO.                                    DEFENDANT

MEMORANDUM OPINION AND ORDER

Before the Court is the defendant's motion to dismiss.  Docket No. 9.  The motion has been fully briefed and the Court is ready to rule.

I.      Factual and Procedural History

The below allegations are drawn from the complaint and taken as true for purposes of this motion.

Velma Delancey purchased a long-term-care insurance policy from MedAmerica in 1998. Beginning in 2007, "MedAmerica approved of and paid for Mrs. Delancey's use of privately-hired caregivers under the Alternative Care Benefit (ACB) provision of the policy for approximately five years." Docket No. 1-1, at 5.

That changed in April 2012, when MedAmerica notified Mrs. Delancey in writing that it would no longer reimburse her for private care services unless the services were first approved by a third-party verification company.  *Id.*  In March 2013, MedAmerica denied Mrs. Delancey's insurance claims due to her failure to satisfy the verification requirement.  *Id.*  These denials continued until her death in December 2013.  *Id.* at 7.

Wilburn Delancey and Mrs. Delancey's estate ("the Estate") filed this lawsuit in Hinds County Circuit Court on February 29, 2016, asserting claims for breach of contract, tortious

breach of contract, breach of the covenant of good faith and fair dealing, bad faith denial of insurance benefits, negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress. *Id.* at 3. They allege that the policy gave MedAmerica no authority to condition Mrs. Delancey's benefits on the verification requirement. "By imposing a requirement of third-party verification," they say, "MedAmerica attempted to unilaterally change the terms of its Policy to Mrs. Delancey's detriment." Docket No. 13, at 3.

The action was removed to this Court on March 30, 2016 pursuant to diversity jurisdiction, Docket No. 1, and now MedAmerica seeks dismissal of every claim. Docket No. 9.

## II.     Legal Standard

When considering a motion to dismiss for failure to state a claim, the Court accepts the plaintiff's factual allegations as true and makes all reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To proceed, the complaint "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 677-78 (quotation marks and citation omitted). This requires "more than an unadorned, the defendant-unlawfully-harmed-me accusation," but the complaint need not have "detailed factual allegations." *Id.* at 678 (quotation marks and citation omitted). The plaintiff's claims must also be plausible on their face, which means there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

## III.    Discussion

"Because this case is proceeding in diversity, the applicable substantive law is that of the forum state, Mississippi. State law is determined by looking to the decisions of the state's

highest court." *Burrell v. Allstate Prop. & Cas. Ins. Co.*, No. 3:13-CV-493-CWR-FKB, 2014 WL 4851273, at *1 (S.D. Miss. Sept. 29, 2014) (citations omitted).

MedAmerica argues that the claims asserted by Mr. Delancey in his individual capacity fail for lack of standing. Mr. Delancey has conceded the issue by failing to address it in his response. *See Rutter v. Conseco Life Ins. Co.*, No. 3:09-CV-680-DPJ-JCS, 2011 WL 2532467, at *5 (S.D. Miss. June 24, 2011). Accordingly, the individual-capacity claims are dismissed.

The claims of the Estate all stem from MedAmerica's refusal to reimburse Mrs. Delancey for private care services not first approved by a third-party verification company. MedAmerica asserts that the causes of actions accrued in April 2012 when it notified Mrs. Delancey that future reimbursements would be contingent upon her satisfying the verification requirement. It contends that the claims are, therefore, time-barred under the applicable statutes of limitations. *See* Miss. Code Ann. §§ 15-1-35, 15-1-49. The Estate responds that the causes of action did not arise until MedAmerica first denied the insurance claim in March 2013.

The intentional infliction of emotional distress claim is untimely under either accrual date since this action was filed on February 29, 2016. *See Jones v. Fluor Daniel Servs. Corp.*, 32 So. 3d 417, 423 (Miss. 2010) (holding that IIED claims have a one-year statute of limitations). But the remaining claims, which are governed by the three-year statute of limitations, may still be viable.

"The Mississippi Supreme Court has held that in the case of a breach of contract, the cause of action accrues at the time of the breach, regardless of the time when the damages from the breach occurred." *Wallace v. Greenville Public Sch. Dist.*, 142 So. 3d 1104, 1107 (Miss. Ct. App. 2014) (brackets and quotation marks omitted) (citing *Johnson v. Crisler*, 125 So. 724, 724-25 (Miss. 1930) and *Young v. S. Farm Bureau Life Ins. Co.*, 592 So. 2d 103, 107 (Miss. 1991));

*see also McDonnell v. Miller*, 655 F. App'x 229, 232 (5th Cir. 2016).  In *Black v. Ansah*, for example, the court held that the breach occurred when the employee was notified that her contract would not be renewed in the future, not on the actual date of the contract's expiration. 876 So. 2d 395, 400 (Miss. Ct. App. 2003).   The *Black* court stated that there is "no reason to conclude that a person with known and measurable harm that awaits solely the passage of time to inflict itself, may not sue because of that futurity until the time has passed."  *Id.* at 399.

Here, at the heart of the complaint is the allegation that MedAmerica's imposition of the verification condition was wrongful.  Therefore, the breach of contract claims accrued in April 2012 when MedAmerica notified Mrs. Delancey that it would no longer pay for private care services that were not verified.  The Estate had until April 2015 to sue, but did not.  Accordingly, these claims (breach of contract and tortious breach of contract) are time-barred.  *See* Miss. Code Ann. § 15-1-49.

The bad faith denial of insurance claim, in contrast, survives the statute of limitations defense.  It did not accrue until MedAmerica first refused payment in March 2013.  *See Young*, 592 So. 2d at 107.  But the claim fails to meet the plausibility standard that governs Rule 12(b)(6) motions.  *See Iqbal*, 556 U.S. at 678.

The policy explicitly stated that "services . . . must be provided by Approved Providers in order to be reimbursed."  Docket No. 1-1, at 21.  Privately-hired caregivers, like those employed by Mrs. Delancey, were not among the policy's Approved Providers.  *Id.* at 21-22.  The Alternative Care Benefit provision granted MedAmerica the discretion to pay for such services, that were not otherwise covered by the policy, if agreed to by both parties.  *See id.* at 23 ("We *may* pay for alternative care benefits under this provision.") (emphasis added).  MedAmerica was never under an obligation to pay for private care services.  Since payment was purely

discretionary, the Court cannot reasonably infer that MedAmerica is liable for denying Mrs. Delancey's insurance claims.

Consequently, the bad faith denial of insurance claim fails as a matter of law.  The negligence and breach of the covenant of good faith and fair dealing claims, which are predicated upon the bad faith denial of insurance, also fail.  *See, e.g., Roland v. Transamerica Life Ins. Co.*, 570 F. Supp. 2d 871, 879 (N.D. Tex. 2008).

**IV.   Conclusion**

The defendant's motion to dismiss is granted.[1]  A separate Final Judgment will issue.

**SO ORDERED**, this the 31st day of March, 2017.

                                                         s/ Carlton W. Reeves
                                                         UNITED STATES DISTRICT JUDGE

---

[1] Counsel for the MedAmerica took the liberty, without seeking permission from the Court, to submit memoranda which exceeded the page limit allowed by the rules. *See* L.U.Civ.R. 7(b)(5). Those pages were made even longer with the significant number of footnotes with reduced font.  The local rules have been adopted for a number of reasons.  One of which is for counsel to follow them.  Counsel is warned.